IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. WILSON, *as Administrator of the Estate of William D. Wilson, II*, <br>     Plaintiff, <br><br> v. <br><br> HUEY HOSS MACK, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION NO. 1:23-00207-KD-N <br> ) <br> ) <br> ) |

## ORDER

This action is before the Court[1] on a motion to strike filed by Defendant Huey Hoss Mack on June 5, 2023. (Doc. 5). Upon consideration, and for the reasons stated herein, Defendant's motion is **GRANTED in part** and **DENIED in part**.

### I.   *Procedural and Factual Background*

Plaintiff William D. Wilson, as Administrator of the Estate of William D. Wilson II,[2] initiated an action against Baldwin County Sheriff Huey Hoss Mack ("Sheriff Mack") and Fictitious Defendants A-Z by filing a complaint in the Circuit Court of Baldwin County, Alabama, on May 3, 2023. (Doc. 1-2). Plaintiff's complaint alleges that, on or about May 7, 2021, Williams II (hereinafter, the "Decedent") died

---

[1] The District Judge assigned this case has referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a); *See* S.D. Ala. GenLR 72(b) (6/6/2023 elec. ref.).

[2] Wilson, as administrator of Wilson II's estate, has standing to bring this action pursuant to Ala. Code §§ 43-2-833(c), 43-2-843(18) and Fed. R. Civ. P. 17(b). *See Warren v. Ala. DOT*, 2012 U.S. Dist. LEXIS 189259, *6-10 (N.D. Ala. Oct. 10, 2012) ("An action filed on behalf of the estate must be brought by the [decedent's personal representative]." (citing *Douglass v. Jones*, 628 So. 2d 940, 941 (Ala. Civ. App. 1993)). Here, the Letters of Administration attached to Plaintiff's complaint indicate that Wilson has been authorized to proceed as Wilson II's personal representative. (*See* Doc. 1-2, PageID.12).

1

while in custody at Baldwin County Jail ("BCJ"). (*Id.*). According to the complaint, Decedent's certificate of death lists acute basilar subarachnoid hemorrhage as the cause of death and with cardiac left ventricular hypertrophy as a significant condition. (*Id.*). Plaintiff alleges, in general terms, that "Sheriffs' employees and medical care providers knew [the Decedent] was in serious medical distress… failed to timely respond to his medical needs… failed to do a proper medical intake and failed to provide adequate medical care," and that such failures constitute deliberate indifference, which was the proximate cause of Decedent's passing. (*Id.*). The complaint asserts the following counts:

> **Count I** is brought pursuant to 42 U.S.C. § 1983 and asserts a Fourteenth Amendment claim of deliberate indifference to a serious medical need against Sheriff Mack and Fictitious Defendants A-Z.[3]
>
> **Count II** is brought pursuant to Ala. Code § 6-5-140 and 42 U.S.C. § 1983 and asserts a state law wrongful death claim against Sheriff Mack and Fictitious Defendants A-Z.
>
> **Count III** is brought pursuant to Ala. Code § 14-6-19 and asserts a state law claim for failure to provide necessary medical attention and care against Sheriff Mack and Fictitious Defendants A-Z.
>
> **Count IV** is brought pursuant to Ala. Code § 6-5-582 and asserts a state law claim for medical malpractice against Fictitious Defendants A-I.

---

[3] Plaintiff delineates the 26 fictitious defendants into three groups:

(1) **A-C** are "the medical care providers who contracted with the Baldwin County jail to provide medical care of Baldwin County jail inmates."
(2) **C-I** are "employees of the contracted medical care providers (Fictitious parties A-C) who provided medical care at the Baldwin County jail and includes any doctors, nurses, or any employees who were responsible for providing medical care to the inmates of the Baldwin County jail at the time of the incident in question."
(3) **I-Z** are "any employees of the Baldwin County Sheriff's Department who were involved in any way in the death of William[] D. Wilson, II while in custody of the Baldwin County jail."

(*See* Doc. 1-2, PageID.6).

**Count V** is brought pursuant to 42 U.S.C. § 1983 and asserts a claim for *Monell* liability[4] against Sheriff Mack.

(Doc. 1-2). For relief, Plaintiff seeks: (1) a judgment that the policies, practices, procedures or customs of Defendants violate the Fourteenth Amendment, (2) punitive and compensatory damages, including (3) pre-judgment and post judgment interest at the highest rates permitted, and (4) other relief, including fees and expenses. (*Id.*).

Sheriff Mack filed a notice of removal pursuant to 28 U.S.C. § 1441(a) on June 5, 2023. (Doc. 1). *See* 28 U.S.C. § 1446. Later that day, he filed the operative motion to strike, which has been fully briefed and is ripe for disposition. (Docs. 5, 6, 10, 14).

## II.   *Analysis*

Sheriff Mack moves the Court to strike Fictitious Defendants A-Z on the basis that Plaintiff's complaint "fails to provide adequate notice of the identity of the fictitious parties and is precluded by Fed. R. Civ. P. 9." (Doc. 5, PageID.40). For support, he directs the Court to a footnote in *Geren v. Omni Trasnp. Sys., Ala., LLC*, 2009 U.S. Dist. LEXIS 134211 (N.D. Ala. Nov. 17, 2009) and the Eleventh Circuit's decision in *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiff's response argues use of fictitious party pleading should be permitted here because "it was the only way to later identify the Defendants." (Doc. 10, PageID.54). Plaintiff explains that he unsuccessfully attempted to identify the fictitious parties prior to initiation of the action (*see* Docs. 10-1 to 10-4), that he utilized fictitious party pleading in state court to preserve the statute of limitations and avers the fictitious

---

[4] *Monell* and its progeny set out when local governments may be sued pursuant to 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

3

parties are real, but presently unidentified, such that their true identities can be uncovered with some limited discovery. (Doc. 10).[5] Essentially, Plaintiff contends he used fictitious defendants as a placeholder and explains that once their true identities are discovered, he intends to amend the complaint to reflect the ascertained identities. (*Id.*).

As an initial point, the undersigned is not aware of any authority under Fed. R. Civ. P. 9 to support Sheriff's Mack motion to strike fictitious parties, nor does he point the Court to any. (*See* Doc. 5). That said, however, both parties correctly observe that "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson*, 598 F.3d at 738. Although, as Plaintiff notes, there is an exception to this rule. (*See* Doc. 10).

The Eleventh Circuit has recognized a limited exception to this general rule "when the plaintiff's description of the defendant is so specific to be 'at the very worst, surplusage.'" *Richardson*, 598 F.3d at 738 (citing *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Applying *Dean*, 951 F.2d at 1215-16, a more recent unpublished panel decision held "that a claim may be maintained against unnamed defendants where allegations in the complaint make clear that plaintiff could uncover

---

[5] To the extent Plaintiff "ask[s] the court to allow a third-party subpoena to be issued to the task force of Baldwin County," "asks the court to simply allow a subpoena to be issued regarding the investigative reports from Major Crimes," or seeks for the Court to "indulge the request to allow the subpoena to be served," such requests are improper for a myriad of reasons, and to the extent a ruling is necessary, are **DENIED**. As a general matter, discovery is not permitted until the parties have conducted their Fed. R. Civ. P. 26(f) planning conference. Fed. R. Civ. P. 26(d)(1). Given that no Rule 26(f) conference has occurred and none of Rule 26(d)(1)'s exceptions are applicable, discovery in the form of a third-party subpoena is improper at this time. Moreover, under this Court's local rules, any "request[s] for Court action must be presented by motion." S.D. Ala. GenLR 7. Thus, presentation of this request in an opposition response is also improper.

the names through discovery." *Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557 F. App'x 857, 862 (11th Cir. 2014) (per curiam). *See Dean*, 951 at 1216 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The overarching inquiry in this context is two-fold. The first consideration involves whether the fictitious defendant at issue is real or truly fictitious. *See Dean*, 951 F.2d at 1216 ("It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name."). The second consideration – which is a conditional corollary to the first – involves whether a party's description of a real but presently unidentified fictitious party (that is, a person and/or entity known to exist, but whose true identity is unknown) is both specific enough to allow for ascertainment of the person and/or entity's true identity once discovery commences and sufficient to permit service under Fed. R. Civ. P. 4. By way of hypothetical, *Dean* explains:

> The analogue would be a case in which the governor of a state had been sued: a pleading, especially a *pro se* pleading, specifying only the "Governor of Alabama" as a defendant would -- we suppose -- satisfy Fed.R.Civ.P. 10(a) even if the plaintiff did not use the governor's given name.

951 F.2d at 1215, n.6. This is because, while unnamed, the Governor of Alabama is a real person, the description is specific enough to be attributed to this specific person, the true identity of the Governor can be ascertained during discovery and service can be effectuated on the Governor. Compare this to *Richardson*, wherein the Court found a plaintiff's identification of a fictitious party as "John Doe (Unknown Legal Name),

5

Guard, Charlotte Correctional Institute" was insufficient. 598 F.3d at 738. While this guard was presumably a "real" person in a physiological sense, the complaint failed to sufficiently identify this guard in a manner that would distinguish him or her from "the many guards employed" at the prison, such that the identity of the specific guard at issue was unascertainable, and service could not be effectuated. 598 F.3d at 738.

With this in mind, the undersigned turns to the three groups of fictitious defendants identified in Plaintiff's complaint. Plaintiff describes fictitious defendants A-C as "the official contracted medical care providers" for BCJ who provide medical care to inmates. (Doc. 1-2, PageID.6). Given Plaintiff's description of these defendants as "official" providers who contracted with BCJ to provide inmates with medical care, the undersigned finds it likely these defendants are real and specific entities whose true identities can be ascertained once discovery commences. Moreover, once identified, they can be served under Rule 4.

However, the same cannot be said for the remaining fictitious defendants. Plaintiff's description of fictitious defendants C-I as employees of the medical care providers (fictitious defendants A-C) "includ[ing] any doctors, nurses, or any employees" responsible for providing medical care on May 7, 2021 is not specific enough to pass muster. Equally insufficient is his description of fictitious defendants I-Z, who are "any employees… involved in any way in the supervision of the inmates, medical care, intake or involved in any way" in the Decedent's passing on May 7, 2021. Both groupings cast a net too wide and fail to attribute any specific action to any specific person, thus it cannot be said that these fictitious defendants are "real"

in the sense of the exception recognized by *Dean*. *See* 951 F.2d at 1216. Here, Plaintiff is not "unwilling or unable to use a party's real name" – he does not know whether these specific parties exist at all. It is certainly fair for Plaintiff to presume that medical staff and Baldwin County Sheriff's Department employees were present at BCJ on May 7, 2021 and involved to varying extents in events surrounding Decedent's passing. However, the descriptions provided are too vague to permit ascertainment of these specific persons during discovery, let alone sufficient to allow for service. *See Richardson*, 598 F.3d at 738.

### III.  Conclusion

Upon consideration, and for the reasons stated herein, Defendant Mack's motion to strike (Doc. 5) is **GRANTED in part** and **DENIED in part**, such that the fictitious defendants identified in paragraphs 6 and 7 of the complaint are **STRICKEN**, but that those identified in paragraph 5 of the complaint remain at this stage because their true identities can likely be ascertained in discovery.

**DONE** and **ORDERED** this the 25th day of August 2023.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**