IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. WILSON, *as Administrator of the Estate of William D. Wilson, II*, <br>     Plaintiff, <br><br> v. <br><br> HUEY HOSS MACK, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:23-00207-KD-N <br> ) <br> ) <br> ) |

## ORDER

This action is before the Court *sua sponte* on review of the record.[1] Plaintiff William D. Wilson, as Administrator of the Estate of William D. Wilson II,[2] initiated this action against Baldwin County Sheriff Huey Hoss Mack ("Sheriff Mack") and Fictitious Defendants A-Z by filing a complaint in the Circuit Court of Baldwin County, Alabama, on May 3, 2023. (Doc. 1-2). The complaint brings both federal constitutional claims pursuant to 42 U.S.C. § 1983 and claims for relief under Alabama State law arising from the passing of Williams II (hereinafter, the "Decedent") while incarcerated at Baldwin County Jail ("BCJ"). (*Id*.). Sheriff Mack filed a notice of removal pursuant to 28 U.S.C. § 1441(a) on June 5, 2023. (Doc. 1). *See*

---

[1] The assigned District Judge has referred the pertinent underlying motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (6/6/2023, 7/5/2023, 7/12/2023 elec. refs.).

[2] Wilson, as administrator of Wilson II's estate, has standing to bring this action pursuant to Ala. Code §§ 43-2-833(c), 43-2-843(18) and Fed. R. Civ. P. 17(b). *See Warren v. Ala. DOT*, 2012 U.S. Dist. LEXIS 189259, *6-10 (N.D. Ala. Oct. 10, 2012) ("An action filed on behalf of the estate must be brought by the [decedent's personal representative]." (citing *Douglass v. Jones*, 628 So. 2d 940, 941 (Ala. Civ. App. 1993)). Here, the Letters of Administration attached to Plaintiff's complaint indicate that Wilson has been authorized to proceed as Wilson II's personal representative. (*See* Doc. 1-2, PageID.12).

28 U.S.C. § 1446. Later that day, he filed both a motion to strike and a motion to dismiss. (Docs. 3, 4, 5).

The complaint alleges, in general terms, that "Sheriffs' employees and medical care providers knew [the Decedent] was in serious medical distress… failed to timely respond to his medical needs… failed to do a proper medical intake and failed to provide adequate medical care," and that such failures constitute deliberate indifference, which was the proximate cause of Decedent's passing. (Doc. 1-2). However, as both parties have noted in briefing, the factual allegations asserted by the present complaint are minimal. (*See* Doc. 4, PageID.28; Doc. 11, PageID.75). Further, in Plaintiff's opposition response to the motion to dismiss, he asks "the Court refrain from ruling on this motion to dismiss until it rules on the issues presented in the motion to strike… Plaintiff intends to file an amended complaint if they receive investigatory materials which will clear up many of the alleged deficiencies in the complaint." (Doc. 11, PageID.75).[3]

By order dated August 25, 2023, the undersigned granted in part and denied

---

3 As noted in the order on the motion to strike:

> To the extent Plaintiff "ask[s] the court to allow a third-party subpoena to be issued to the task force of Baldwin County," "asks the court to simply allow a subpoena to be issued regarding the investigative reports from Major Crimes," or seeks for the Court to "indulge the request to allow the subpoena to be served," such requests are improper for a myriad of reasons, and to the extent a ruling is necessary, are **DENIED**. As a general matter, discovery is not permitted until the parties have conducted their Fed. R. Civ. P. 26(f) planning conference. Fed. R. Civ. P. 26(d)(1). Given that no Rule 26(f) conference has occurred and none of Rule 26(d)(1)'s exceptions are applicable, discovery in the form of a third-party subpoena is improper at this time. Moreover, under this Court's local rules, any "request[s] for Court action must be presented by motion." S.D. Ala. GenLR 7. Thus, presentation of this request in an opposition response is also improper.

(Doc. 15, PageID.89).

in part the motion to strike and ordered that the fictitious defendants identified in paragraphs 6 and 7 of the complaint be stricken under Eleventh Circuit precedent. (Doc. 15). *See Richardson v. Johnson*, 598 F.3d 734 (11th Cir. 2010); *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). Specifically, after examining the allegations of the complaint, the undersigned concluded that Plaintiff's descriptions of those defendants were "too vague to permit ascertainment of these specific persons during discovery, let alone sufficient to allow for service." (Doc. 15, PageID.92). However, despite Plaintiff's insinuation that an amended complaint would be forthcoming, none has been filed to date. Nor has Plaintiff filed any motion in furtherance of his previously improper request(s) for the Court to permit discovery before the parties' Fed. R. Civ. P. 26(f) planning meeting.

Accordingly, Plaintiff is **ORDERED** to file an amended complaint by no later than **September 27, 2023**. In the event none is filed, a recommendation as to the appropriate disposition of Sheriff Mack's motion to dismiss shall issue forthwith.

**DONE** and **ORDERED** this the 12th day of September 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**